15-0015-cv
*Salveson v. JP Morgan Chase & Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand sixteen.

PRESENT:    DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*,
            BRIAN M. COGAN,
                    *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MELVIN SALVESON, EDWARD LAWRENCE,
DIANNA LAWRENCE, WENDY M. ADAMS,
                    *Plaintiffs-Appellants*,

            v.                                                    15-0015-cv

JP MORGAN CHASE & CO., JP MORGAN CHASE
BANK, N.A., BANK OF AMERICA CORP., BANK
OF AMERICA N.A., CAPITAL ONE F.S.B.,
CAPITAL ONE FINANCIAL CORP., CAPITAL
ONE BANK, HSBC FINANCE CORP., HSBC

---

[*]        Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

BANK USA N.A., HSBC NORTH AMERICA
HOLDINGS, INC., HSBC HOLDINGS PLC,

<em>Defendants-Appellees.</em>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | JOSEPH M. ALIOTO, Alioto Law Firm, San Francisco, California. |
| FOR DEFENDANTS-APPELLEES JPMORGAN CHASE & CO AND JPMORGAN CHASE BANK, N.A.: | BORIS BERSHTEYN, Peter E. Greene, Evan Kreiner, Luke Taeschler, Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York. |
| FOR DEFENDANTS-APPELLEES BANK OF AMERICA CORP. AND BANK OF AMERICA, N.A.: | Mark P. Ladner, Michael B. Miller, Morrison & Foerster LLP, New York, New York. |
| FOR DEFENDANTS-APPELLEES CAPITAL ONE F.S.B., CAPITAL ONE FINANCIAL CORP., AND CAPITAL ONE BANK: | Andrew J. Frackman, Abby F. Rudzin, O'Melveny & Myers LLP, New York, New York. |
| FOR DEFENDANTS-APPELLEES HSBC BANK USA N.A., HSBC HOLDINGS PLC, HSBC FINANCE CORP., AND HSBC NORTH AMERICA HOLDINGS, INC.: | David S. Lesser, Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York. |

Appeal from the United States District Court for the Eastern District of

New York (Gleeson and Brodie, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment and order of the district court are

**AFFIRMED**.

Plaintiffs-appellants ("plaintiffs"), representatives of a putative nationwide class of consumers using payment cards, brought suit against defendants-appellees ("defendants"), financial institutions who issue Visa and/or MasterCard payment cards, asserting claims under §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and the Cartwright Act, California Business and Professions Code § 16750(a).  Plaintiffs appeal the district court's December 4, 2014 judgment (Gleeson, *J.*) granting defendants' motion to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and declining to exercise jurisdiction over their state law claim.  The district court explained its reasoning in a memorandum and order entered November 26, 2014.[1]  Plaintiffs also appeal the district court's February 24, 2015 memorandum and order (Brodie, *J.*) denying their motion for reconsideration of the dismissal of their claims, granting defendants' motion for reconsideration, and, on reconsideration, dismissing plaintiffs' state law claim on the merits.[2]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]     The memorandum and order is dated September 26, 2014, but the docket reflects that it was entered November 26, 2014.

[2]     On December 18, 2014, the United States Judicial Panel on Multidistrict Litigation reassigned the case from Judge John Gleeson to Judge Margo K. Brodie.

**I.**     *Clayton Act*

**A.     Motion to Dismiss**

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under *Illinois Brick Co. v. Illinois*, indirect purchasers generally do not have standing to sue for damages for antitrust violations under § 4 of the Clayton Act. 431 U.S. 720, 729, 736 (1977).[3] The rationale is twofold: "First, defendants may otherwise face multiple liability. Second, there are too many 'uncertainties and difficulties in analyzing price and out-put decisions in the real economic world rather than an economist's hypothetical model.'" *Simon v. KeySpan Corp.*, 694 F.3d 196, 202 (2d Cir. 2012) (quoting *Ill. Brick*, 431 U.S. at 731-32).

Plaintiffs are a putative class of cardholders of Visa and MasterCard payment cards issued by defendants who used the cards to purchase goods and services. Plaintiffs allege that in the course of issuing payment cards to consumers,

---

[3]     The Supreme Court recognized an exception, not applicable here, in which an indirect purchaser may have standing if it had a pre-existing cost-plus contract with the direct purchaser. *Ill. Brick*, 431 U.S. at 735-36.

4

defendants and their affiliates knowingly participated in an anticompetitive conspiracy to fix fees related to those payment cards, and that consumers have been injured by paying supracompetitive price-fixed interchange fees. Plaintiffs assert that they, as cardholders, directly pay the interchange fees. The district court summarized the structure of the relevant credit card transactions as follows, cited with approval by plaintiffs in their brief on appeal:

> When a cardholding consumer uses a Visa or MasterCard payment card, the merchant that accepts the card relays the transaction to its "acquiring bank," which in turn transmits it to the network, *i.e.*, Visa or MasterCard, which sends the information to the cardholder's "issuing bank." The issuing bank may approve the transaction and the approval is conveyed to the acquiring bank, which relays it to the merchant. The issuing bank then sends the acquiring bank the amount of the purchase price minus an interchange fee.

Special App. at 4. (citing Compl. ¶ 49).

Contrary to plaintiffs' allegations, the structure of these transactions demonstrates that cardholders do not directly pay interchange fees. "Although factual allegations of a complaint are normally accepted as true on a motion to dismiss, that principle does not apply to general allegations that are contradicted by more specific allegations in the Complaint." *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151-52 (2d Cir. 2014) (citations and internal quotation marks omitted). By way of example, when a cardholder makes a $100 purchase, the merchant sends notice of the charge to its acquiring bank, and the acquiring bank in turn sends the information to the

5

card issuer bank. If the charge is approved, the issuer bank pays the acquiring bank for the $100 purchase, retaining a portion as an interchange fee. The issuer bills the cardholder, who then is bound to pay the issuer according to the terms of the card. The cardholder has not directly paid the interchange fee, but rather has only paid the full price for the item or service it has purchased. *See United States v. Am. Express Co.*, No. 15-1672, 2016 WL 5349734, at *5 (2d Cir. Sept. 26, 2016) ("[T]he interchange fee . . . is paid by the acquirer to the issuer as the price for handling its transactions with the cardholder."); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 102 (2d Cir. 2005) (defining "interchange fee" as a "fee the acquiring institution must pay to the card-issuing institution").

In sum, the district court correctly determined that the complaint failed to plausibly allege that plaintiffs directly pay interchange fees and are directly injured by their imposition. Accordingly, under *Illinois Brick*, plaintiffs do not have standing to bring their Clayton Act claim.

**B.    Motion for Reconsideration**

Plaintiffs argue that the district court abused its discretion by denying their motion for reconsideration. "A district court's denial of a motion for reconsideration is reviewed for abuse of discretion." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or

6

data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The district court held that plaintiffs had not shown that it had overlooked critical facts or relevant controlling decisions; therefore, there was no basis to reconsider its dismissal of the Clayton Act claim. We identify no abuse of discretion in the district court's conclusion that plaintiffs' motion failed to meet the strict criteria for granting reconsideration.

Plaintiffs also argue that the district court abused its discretion in declining to consider charts purportedly depicting the transfer of fees in a credit card transaction that they offered in support of their motion for reconsideration. The district court held that the charts were not properly before it on the motion for reconsideration because they were not attached to the complaint, they were not before the court when it decided defendants' motion to dismiss, and plaintiffs violated the district court's Local Civil Rule 6.3, which prohibits filing affidavits in support of a motion for reconsideration absent leave of court. Because a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," we hold that this ruling was not an abuse of discretion. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks omitted).

**C.    Leave to Amend**

Plaintiffs contend that the district court should have granted them leave to amend the complaint. "We review denial of leave to amend under an 'abuse of discretion' standard." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). This rule, while permissive, still requires a party to request leave to amend. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' no court can be said to have erred in failing to grant a request that was not made." (quoting Fed. R. Civ. P. 15(a))). Plaintiffs did not request leave here. They also failed to include a proposed amended complaint, which is considered "normal procedure." *Twohy v. First Nat. Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985). Failure to do so "indicates a lack of diligence and good faith." *Id.*

Plaintiffs argue that leave to amend is warranted because the charts they submitted with their motion for reconsideration cure any "perceived defect" in their complaint. Appellants' Br. at 22. Even assuming plaintiffs were permitted to supplement their allegations with these charts, the allegations fail to establish that, as cardholders, plaintiffs directly pay interchange fees and are directly injured by their imposition. The charts are merely pictorial representations of the transactions that were

8

described in the complaint, and, as discussed above, they do not demonstrate that cardholders directly pay the interchange fees. Accordingly, in the absence of any allegations that would make their complaint viable, "we see no reason to grant appellant[s] relief in this Court which was not requested below." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011) (quoting *Nat'l Union of Hosp. & Health Care Emps. v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977)). We note that plaintiffs explicitly disclaim any intention of alleging generally elevated prices as the basis for their damages, and we express no view on whether such a claim would survive a motion to dismiss.

## II.  *Cartwright Act*

In their main brief on appeal, plaintiffs do not advance any substantive argument regarding (1) the district court's determination, on reconsideration, that it had original jurisdiction over plaintiffs' Cartwright Act claim, or (2) the merits of the district court's dismissal of their Cartwright Act claim. We generally do not consider issues raised for the first time in a reply brief. *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009); *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Plaintiffs do not challenge the district court's determination that it had original jurisdiction over plaintiffs' Cartwright Act claim. Although plaintiffs list their Cartwright claim in their Statement of Issues Presented for Review, they provide no substantive argument in their main brief and fail to even articulate the

9

standards that must be met for such claims to survive a motion to dismiss. "[S]imply stating an issue does not constitute compliance with [Federal Rule of Appellate Procedure] 28(a): an appellant or cross-appellant must state the issue *and* advance an argument." *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) (quoting *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996)). Moreover, plaintiffs have not offered an explanation as to why they waited until their reply brief to advance an argument regarding the Cartwright Act claim. Accordingly, we find that plaintiffs have waived these arguments and affirm the dismissal of the Cartwright Act claim.

*       *       *

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk